**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
ANGELA SHELTON,                          :
on behalf of plaintiff and a class,      :
                                         :
              Plaintiff,                 :
                                         :
      vs.                                :
                                         :
CIOX HEALTH, LLC,                        :
                                         :      COMPLAINT  – CLASS ACTION
              Defendant.                 :
----------------------------------------------------------x
```

## INTRODUCTION

1.      Plaintiff brings this action to secure redress for the conduct of defendant in charging more for medical records than permitted by New York law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. 1332(d) (Class Action Fairness Act). The amount in controversy, on a classwide basis, exceeds $5 million, exclusive of interest and costs.  Minimal diversity of jurisdiction exists, as set forth below.

3.      Personal jurisdiction and venue are proper because the events giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff Angela Shelton is a resident of Cambria Heights, Queens County, New York, and a citizen of the State of New York.

5.      Defendant Ciox Health, LLC is a limited liability company organized under Georgia law with its principal place of business at 925 North Point Parkway, Suite 350, Alpharetta, GA 30005.  It does business in New York.  Its registered agent and office is Corporation Service Co., 80 State Street, Albany, NY 12207. It is engaged in the business of providing copies of medical records.  It is the successor by merger to IOD Incorporated. (Exhibit A)

6.      On information and belief, Ciox Health, LLC, has three members,  Lori Reel, Brian Grazzini, and Matthew Bennett, all of whom work at its Alpharetta, Georgia offices.  On information and belief, they are citizens of Georgia and not citizens of New York.

## FACTS

7.      In October 2016, plaintiff, by her attorney and agent, ordered copies of her medical records from Queens Hospital Center.

8.      Plaintiff required such records in connection with a personal injury case.

9.      IOD Incorporated, of which Ciox Health, LLC, is the successor, had a contract with Queens Hospital Center to handle requests for medical records at that facility.

10.     Defendant Ciox Health, LLC has, and its predecessor IOD had, contracts with numerous other health care facilities in the State of New York to handle requests for medical records.

11.     Defendant acts as the agent of the health care facility and is bound by the same legal restrictions as the health care facility in processing requests for medical records.

12.     IOD charged plaintiff a basic fee of $25 plus $1.50 per page for 16 pages of records ($24), a total of $49, plus $1.57 shipping and handling.  (Exhibit B)

13.     These charges represented defendant's standard charges for medical records.

14.     Under New York Public Health Law §18, a health care provider or its agent may charge no more than the actual costs incurred in copying medical records, not exceeding $0.75 per page.

15.     The maximum permissible cost of copying 16 pages of records was therefore $12.

16.     Plaintiff was overcharged, by $37.

17.     Because the cost to plaintiff of not obtaining her medical records  – inability to timely pursue her injury claim  – greatly exceeded the overcharge, plaintiff was forced to pay it.

18.     Since medical records are generally sought for purposes of either (a) litigation of claims worth far in excess of the cost of the medical records or (b) medical treatment, both of

which require obtaining medical records on a time-sensitive basis, patients and their

representatives are generally not in a position to do anything other than pay whatever defendant

demands.

19.    Subdivision 2 of New York Public Health Law §18, "Access to patient

information," provides:

> . . . (d) Subject to the provisions of subdivision three of this section, upon the written request of any qualified person, a health care provider shall furnish to such person, within a reasonable time, a copy of any patient information requested, and original mammograms requested, which the person is authorized to inspect pursuant to this subdivision.

> (e) The provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider, provided, however, that a provider may not impose a charge for copying an original mammogram when the original has been furnished to any qualified person and provided, further, that any charge for furnishing an original mammogram pursuant to this section shall not exceed the documented costs associated therewith. However, *the reasonable charge for paper copies shall not exceed seventy-five cents per page.* A qualified person shall not be denied access to patient information solely because of inability to pay. . . (Emphasis added)

## CLASS ALLEGATIONS

20.    Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and

(b)(3).

21.     The class consists of (a) all "qualified persons" (b) who were charged by

defendant (c) for medical records from a health care provider located in the State of New York,

other than Beth Israel Medical Center (d) more than $0.75 per page (e) on or after a date three

years prior to the filing of this action.

22.    By "qualified person" plaintiff means, as specified in New York Public Health

Law §18, the patient, a patient's guardian, a parent or guardian of a minor patient, the personal

representative of a deceased patient, and anyone to whom a record was furnished as a distributee

of the patient, all acting either directly or through an attorney.

23.    On information and belief, there are more than 40 class members, and the class is

so numerous that joinder of all members is not practicable.

24.    There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether defendant has a practice of charging more than $0.75 per page for medical records;

    b.    Whether as a result defendant is liable to plaintiff and the members of the class.

25.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

26.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

    c.    There is no reason for multiple actions, all identical.

## COUNT I – RESTITUTION

28.    Plaintiff incorporates paragraphs 1-27.

29.    Defendant obtained money (the charges in excess of those permitted by statute) by means contrary to equity and good conscience, such that retention of the money is unjust, and restitution should be ordered.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant:

    a.    For appropriate monetary relief;

    b.    For costs of suit;

    c.    For such other or further relief as the Court deems proper.

## COUNT II – GENERAL BUSINESS LAW §349

30.     Plaintiff incorporates paragraphs 1-27.

31.     Defendant engaged in deceptive acts and practices by billing in excess of the

amounts it was permitted to charge by statute.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and

against defendant:

        a.     For compensatory, statutory and treble damages;

        b.     For attorney's fees, litigation expenses and costs of suit;

        c.     For such other or further relief as the Court deems proper.

        d.     Such other or further relief as the Court deems proper.


                s/Tiffany N. Hardy
                Tiffany N. Hardy


Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/Tiffany N. Hardy
Tiffany N. Hardy

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy
Tiffany N. Hardy